**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

NICHOLAS CORTEZ ADDISON                                                      PLAINTIFF

v.                                        3:15CV00121-DPM-JJV

JANE DOE, Philis, Kitchen Cook; *et al.*                                      DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

  The following recommended disposition has been sent to United States District Judge D. P.

Marshall, Jr.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

  If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

  1.  Why the record made before the Magistrate Judge is inadequate.

  2.  Why the evidence proffered at the hearing (if such a hearing is granted) was not

offered at the hearing before the Magistrate Judge.

  3.  The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

1

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I.     INTRODUCTION

Nicholas Cortez Addison ("Plaintiff") filed this action *pro se* and pursuant to 42 U.S.C. § 1983. After review of Plaintiff's Amended Complaint (Doc. No. 7), the Court finds that he has failed to state any claim upon which relief may be granted.

## II.     SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 570 (2007).  The factual allegations must be weighted in favor of Plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts."  *Id.*

## III.  ANALYSIS

Plaintiff initially brought this action alleging that Defendant Jane Doe was denying him adequate nutrition by putting too much water in his prison meals.  (Doc. No. 2 at 2.)[1]  Additional information was needed to complete the mandated screening process and the Court invited him to submit an Amended Complaint.  (Doc. No. 5.)  He has done so, and the Court will look exclusively to that filing in determining the scope of this action.  *See In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) ("[A]n amended complaint supercedes an original complaint and renders the original complaint without legal effect.").[2]

Plaintiff has left the Statement of Claim in his Amended Complaint blank.  (Doc. No. 7 at 4.)  Additionally, he has failed to specify what relief, if any, he seeks. (*Id*. at 5.)  The lone attachment to the Amended Complaint is a grievance form which asks when a new menu will be approved at the Poinsett County Detention Facility.  (*Id*. at 6.)  An official response to that grievance states that the menu will be implemented upon approval.  (*Id*.)  No actionable claim against either Defendant Jane Doe or Defendant Wander Humpheis can be interpreted from the Amended Complaint.  Accordingly, the Court recommends that this action be dismissed without prejudice for failure to

---

[1]The Court notes that Plaintiff's initial Complaint offered no actual Statement of Claim. The subject of this action could only be gleaned through an attached grievance form which Plaintiff had previously submitted to prison officials at the Poinsett County Detention Center. (Doc. No. 2 at 2.)

[2]Plaintiff was also warned that any Amended Complaint would supercede his original. (Doc. No. 5 at 2.)

state a claim upon which relief may be granted.[3]

IV.     **CONCLUSION**

IT IS THEREFORE RECOMMENDED that:

1.      Plaintiff's Amended Complaint (Doc. No. 7) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.      Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[4]

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 28th day of May, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[3]Plaintiff will have a final opportunity to clarify his allegations in his objections to this recommendation.

[4] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."